## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 05 2019, 9:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Doulos Chapel
South Bend, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Doulos Chapel, | February 5, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A-SC-721 |
| v. | Appeal from the St. Joseph Superior Court |
| Frank Williams Construction, | The Honorable Paul E. Singleton, Magistrate |
| *Appellee-Defendant* | Trial Court Cause No. 71D03-1801-SC-232 |

**Baker, Judge.**

Doulos Chapel (Doulos) appeals the trial court's order entering judgment in favor of Frank Williams Construction (Williams) on Doulos's small claims complaint. Doulos argues that the trial court was biased against it. Finding zero evidence of bias, we affirm.

Doulos retained Williams to perform certain construction work in its facility. The parties entered into a contract, pursuant to which Doulos would pay Williams $1,700 for the work. Doulos made a down payment of $1,000 to Williams for the various tasks; the parties dispute how much work was actually performed.

On January 17, 2018, Doulos filed a small claims action against Williams, alleging that he had not performed the work as requested and demanding the return of $1,000. An evidentiary hearing took place on February 23, 2018, at which Frank Williams (owner of Williams) and Mario Sims (pastor of Doulos) testified. That same day, the trial court issued an order entering judgment in favor of Williams. Doulos now appeals.

Doulos's sole argument on appeal is that the trial court was biased against it. The only evidence to which Doulos cites in support of this argument is the trial court's decision to admit evidence offered by Williams. It is well established that an adverse ruling alone is insufficient to show bias or prejudice. *E.g.*, *Flowers v. State*, 738 N.E.2d 1051, 1060 n.4 (Ind. 2000). Moreover, although Doulos does not attempt to argue that the ruling itself was erroneous, we note

that small claims proceedings are informal in nature and are not bound by the rules of evidence. Ind. Small Claims Rule 8(A).

[5] Having read the transcript, we see not even a scintilla of evidence that the trial court was in any way biased against Doulos. Therefore, we affirm.[1]

[6] The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.

---

[1] Although Doulos does not argue that the evidence did not support the trial court's order, we note that the trial court had before it the testimony of Doulos's witnesses and Williams's witnesses as well as documents presented by both sides. It was for the trial court to assess the credibility of the witnesses and the claims made by both parties. It found Williams more persuasive than Doulos, and we will not second-guess that determination.